UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60075-CIV-SINGHAL

KIAMI SIGNEY SANCHEZ VALDES,

     Petitioner,

v.

BROWARD TRANSITIONAL CENTER,

     Respondent.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on *pro se* Petitioner Kiami Signey Sanchez Valdes's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ([DE [1]). The Petition appears to be filed by Maricela Herrera Diaz, Petitioner's wife, as his next friend. *See id.* at 6, 8. For the reasons discussed below, the Petition is denied.

I.     BACKGROUND

On January 13, 2026, Diaz filed the instant Petition. She concedes that Petitioner, who is subject for removal to Mexico, "is an I-220B Alien[.]" (DE [1] at 7). She also concedes that neither her nor Petitioner filed any internal appeals with Immigration and Naturalization Service ("INS") or the United States Department of Homeland Security ("DHS"). *See id.* at 2–3. Included in the Petition is DHS's Notice of Removal letter, which Petitioner signed on December 25, 2025, stating that Petitioner is to be removed to Mexico. (DE [1-1] at 1). Nevertheless, Diaz explains that Petitioner suffers from serious health conditions, and his removal to Mexico would be detrimental to his health. *See* (DE

[1] at 7).   These afflictions include: a past stroke, current risk of stroke, heart disease, diabetes, "special needs," and memory loss.  *Id.* at 6–7.  Diaz states that Petitioner's mental health decline has required her to "help [him] [with] everything."  *Id.* at 6. Therefore, the Petition requests the Court to permit Petitioner to stay in the United States, "so he can continue with his medication and his doctors['] appointments."  *Id.* at 7.

II.   LEGAL STANDARD

District courts have authority to grant writs of habeas corpus. 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. See 28 U.S.C. § 2241(c)(3). The court's jurisdiction extends to challenges involving immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

III.   DISCUSSION

A.  Next Friend Status

Title 28 U.S.C. § 2242 permits an application for writ of habeas corpus to be filed by someone acting on a petitioner's behalf, commonly known as a "next friend."  A federal court, however, does not automatically grant next friend standing.  *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  To be entitled to proceed as a next friend, a person must satisfy the following two requirements:

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Sanchez-Velasco v. Sec'y of Dep't of Corr.*, 287 F.3d 1015, 1025 (11th Cir. 2002) (quoting *Whitmore*, 495 U.S. at 163–64 (internal quotation marks omitted)).  "Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition." *Francis v. Warden, FCC Coleman-USP*, 246 Fed. Appx. 621, 622 (11th Cir. 2007) (citing *Whitmore*, 495 U.S. at 164).  "The burden is on the 'next friend' clearly to establish the propriety of his or her status and thereby justify the court's jurisdiction." *Whitmore*, 495 U.S. at 164.

Diaz must therefore satisfy the two requirements cited above for this Court to have jurisdiction to consider the Petition.  First, Diaz discloses impairments to Petitioner's ability to proceed on his own behalf—including memory issues—and she indicates Petitioner needs help with everything. (DE [1] at 6). Diaz also provides relevant medical documentation.  (DE [1-1] at 4-5, 18-22). This satisfies the first requirement. *See Whitmore*, 495 U.S. at 165 (requiring a showing "that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability.").  Second, Diaz is Petitioner's wife—thereby likely satisfying the second requirement.  *See* Pet. at 6, 8.

B.  <u>The Merits of the Petition</u>

Having determined we have jurisdiction, we turn to the merits.  The relief Petitioner seeks is non-cognizable under § 2241.  This federal habeas statute is the proper vehicle through which to challenge the constitutionality and lawfulness of a noncitizen's detention. *See Demore v. Kim*, 538. U.S. 510, 516–17 (2003).  But Petitioner challenges neither. Instead he seeks relief from detention because of his health issues. Petitioner acknowledges that he is subject to removal, and nowhere in the Petition does he confront

this fact.  *See* (DE [1] at 7).  Indeed, he has not sought any grievances with INS or DHS in an effort to combat his removal proceedings.[1]  *See id.* at 1–5.  Petitioner's sole request is for the Court to lift the removal order so he can continue his medical appointments and receive his medication.  *See id.* at 7.  This relief, however, is not appropriate under § 2241 and warrants dismissal.

IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (DE [1]) is **DISMISSED WITHOUT PREJUDICE**.

2.  All pending motions are **DENIED AS MOOT**.

3.  The Clerk of Clerk is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 23rd day of January 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE


Copies to counsel of record via CM/ECF and via Postal Service to:


Kiami Signey Sanchez Valdes
A#203-741-272
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073
PRO SE

---

[1] Although Diaz checked "Yes" on the form asking if Petitioner is "challenging the validity of [his] conviction or sentence as imposed" under 28 U.S.C. § 2255, this appears to be scrivener's error.  Petitioner cannot bring a § 2255 motion because he is not challenging a federal conviction. Petitioner does not raise any other challenges to the lawfulness of his detention.

4